UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP J. LYONS,<br><br>        Plaintiff,<br><br> v.<br><br>CONNIE BISBEE, et al.,<br><br>        Defendants. | 3:07-CV-00460-LRH-RAM<br><br>ORDER |

      Before the court is plaintiff Phillip J. Lyons' ("Lyons") motion for relief from judgment from the court's March 25, 2009 order granting in-part and denying in-part defendants' motion for judgment on the pleadings (Doc. #116). Doc. #127[1].

      This motion involves a civil action brought by Lyons, a prisoner incarcerated at the Southern Desert Correctional Center, against various state officials and members of the parole board. On March 25, 2009, this court issued an order affirming the magistrate judge's report and recommendation and granting in-part and denying in-part defendants' motion for judgment on the pleadings. Doc. #116. Lyons now contends that the court erred in its order because the court failed to construe his amended complaint (Doc. #22) as encompassing a substantive due process claim against the parole board. Doc. #127.

---

[1] Refers to the court's docket entry number.

Lyons brings his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) provides that a district court may relieve a party from a final judgment or order. Relief from judgment is appropriate upon a showing of mistake, newly discovered evidence, fraud, or excusable neglect. FED. R. CIV. P. 60(b); *see also, Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). In this instance, Lyons argues relief is appropriate because the court "neglected to construe his claims as alleging a violation of his substantive due process rights stemming from the arbitrary and capricious exercise of discretion by parole officials." Doc. #127.

The court has reviewed Lyons' arguments and finds Lyons has failed to identify any error warranting reversal of the court's prior decision. Lyons never raised the issue of a substantive due process claim in either his opposition to the original motion for judgment on the pleadings or in his objection to the magistrate judge's report and recommendation. His argument is raised for the first time in the present motion. As such, it was not neglect or mistake on the court's part that there was not a substantive due process analysis.

Additionally, the amended complaint is wholly silent to such a claim and fails to state any facts which would support Lyons' position. Moreover, Lyons even admits in his reply that his amended complaint "does not specifically allege violations of his substantive due process rights". Doc. #134. His motion is simply an attempt to bypass the dismissal of many of the claims and defendants in this case.

Lyons has not provided any justification within Rule 60(b) to warrant granting him relief. Accordingly, the court finds that the March 25, 2009 order was proper and without mistake or error.

\

\

\

\

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. #127) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE